UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE ALAIN HERNANDEZ
BELAUNZARAN,

       Petitioner,

    v.                         Case No.:  2:26-cv-01396-SPC-DNF

MICHAEL WATKINS *et al*,

       Respondents,

                                    /

## OPINION AND ORDER

Before the Court are petitioner Jorge Alain Hernandez Belaunzaran's Petition for Writ of Habeas Corpus (Doc. 2) and the government's response (Doc. 14).

Hernandez Belaunzaran is a native of Cuba who was paroled into the United States on September 27, 1990, and later became a lawful permanent resident.  He has a lengthy criminal history, including convictions for grand theft, forgery, possession of cocaine and cannabis, aggravated assault with a deadly weapon, and carrying a concealed weapon.  An immigration judge ordered him removed on October 6, 2004.  Immigration and Customs Enforcement ("ICE") detained Hernandez Belaunzaran from September 26, 2006, to December 27, 2006, when it released him under an order of supervision.  Hernandez Belaunzaran was back in ICE detention for 88 days

in 2009 and 78 days in 2014.  Both times, ICE released him under orders of supervision.

On December 8, 2025, local law enforcement arrested Hernandez Belaunzaran for trespass and contacted ICE.  ICE issued an immigration detainer and took custody of Hernandez Belaunzaran on December 11, 2025. He has been in ICE detention since then.  Hernandez Belaunzaran argues his continued detention is unlawful because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for

the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Hernandez Belaunzaran's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Hernandez

Belaunzaran carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2006, 2009, and 2014, and there is no agreement between the U.S. and Cuba to pave the way for his repatriation now. The burden shifts to the government, but it makes no attempt at rebuttal. The Court finds no significant likelihood Hernandez Belaunzaran will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Hernandez Belaunzaran's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Jorge Alain Hernandez Belaunzaran's Petition for Writ of Habeas Corpus (Doc. 2) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Hernandez Belaunzaran poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.  If ICE determines continued detention is appropriate, the respondents must explain why.

3. Hernandez Belaunzaran may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on May 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record